```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE WESTERN DISTRICT OF ARKANSAS
                       HARRISON DIVISION

PAULA DUPONT and
JAMES DUPONT                                          PLAINTIFF


        v.             CASE NO. 09-3014


FRED'S STORES OF TENNESSEE, INC.                      DEFENDANT
```

## ORDER

On the 3rd day of August, 2010, this matter came on for trial to a duly selected jury consisting of eight members, the Honorable Robert T. Dawson presiding. The trial continued until August 4, 2010, when the case was submitted to the jury on interrogatories and a unanimous verdict was reached as follows:

INTERROGATORY NO. 1:

DO YOU FIND FROM A PREPONDERANCE OF THE EVIDENCE THAT THERE WAS NEGLIGENCE ON THE PART OF DEFENDANT WHICH WAS A PROXIMATE CAUSE OF ANY DAMAGES SUSTAINED BY PLAINTIFF PAULA DUPONT?

_____   YES

___√___   NO

Based upon the answer to Interrogatory No. 1, the jury was instructed to disregard the remaining interrogatories.

Defendant moves the Court to award Defendant $2,546.52 in taxable costs as the prevailing party pursuant to Rule 54(d)(1) of the Federal Rules of Civil Procedure. The Court, being well and sufficiently advised in the premises, finds Defendant's Motion (doc.

62) should be and hereby is DENIED.

Rule 54(d)(1) provides, in pertinent part, that:

> ...costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs...

Fed. R. Civ. P. 54(d)(1).  A district court has substantial discretion in awarding costs to a prevailing party. *See Greaser v. State, Dept. of Corrections*, 145 F.3d 979 (8th Cir. 1998).  The Eighth Circuit takes a broad view of Rule 54(d) finding that its grant of discretion alone permits a court to deny costs without finding that a prevailing party was guilty of some misconduct or other action worthy of penalty. *Id.  See also, Fields v. Shelter Mutual Ins. Co.*, 2007 WL 1702512 (E.D. Ark. June 11, 2007). Additionally, the court may consider Plaintiffs' limited financial resources. *See Cross v. General Motors Corp.*, 721 F.2d 1152 (8th Cir. 1983).

It is clear from the testimony and evidence set forth in the pleadings, as well as during the trial, that it would be difficult, if not impossible, for Plaintiffs to reimburse Defendant for any of the costs it seeks.  Accordingly, there is no dispute that there is a wide disparity of economic resources between the parties in this case.  In situations "where the antagonists are very unevenly matched in size, resources, and stability, it would be unfortunate to use the possible taxation of costs as a sword of Damocles..." *See Pittari v. American Eagle Airlines*, 2007 WL 1757094 (W.D. Ark. June 19, 2007) *citing Boas Box Co. v. Proper Folding Box Corp.*, 55

F.R.D. 79 (E.D.N.Y. 1971).  Accordingly, Defendant's Motion is DENIED as to its request for costs pursuant to Rule 54(d)(1).

IT IS ORDERED AND ADJUDGED in accordance with the answer to the above interrogatory and jury verdict, that Plaintiffs take nothing on their complaint filed herein and the matter is DISMISSED WITH PREJUDICE.  All parties are to bear their respective costs and attorney's fees.

Dated this 16th day of August 2010.

/s/Robert T. Dawson
Honorable Robert T. Dawson
United States District Judge